UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JESSICA RAWSON, on behalf of herself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. 1:21-cv-02811<br>)<br>) Honorable Jorge L. Alonso |
| v. | )<br>) |
| ALDI INC., | )<br>) |
| Defendant. | ) |

**REPLY IN SUPPORT OF GLOBAL SEAFOOD ALLIANCE'S
MOTION FOR LEAVE TO FILE *AMICUS* BRIEF**

Global Seafood Alliance ("GSA") respectfully submits that the Court should grant its motion for leave to file an *amicus* brief. As other courts have found, GSA's perspective as a standard setting body[1] provides valuable perspective regarding how "sustainability" representations are reasonably understood—an issue that is at the heart of Plaintiff's complaint.

GSA's proposed brief will assist the court "by presenting ideas, <u>arguments</u>, theories, insights, <u>facts</u>, or data that are not found in the briefs of the parties." *Prairie Rivers Network v. Dynegy Midwest Generation*, 976 F.3d 761, 763 (7th Cir. 2020) (quoting *Practitioner's Handbook for Appeals to the United States Court of Appeals for the Seventh Circuit*, XXII.B "Amicus Briefs" (2020 ed.) (emphasis added)). In determining whether to grant leave to file an amicus brief, courts consider whether the proposed *amicus* brief "merely repeat[s]" another party's position. *Id.* As

---

[1] Plaintiff refers to GSA as an "industry trade group," Opp'n at 4, but, as international benchmarking organizations like GFSI, GSSI, and the Consumer Goods Forum have recognized, GSA is in fact a standard setting body rather than an industry trade group. As described in GSA's proposed *amicus* brief, Best Aquaculture Practices ("BAP") standards are developed "with broad stakeholder representation: one-third non-governmental conservation and social justice organizations, one-third academic and regulatory interests, and one-third industry." Proposed Br., at 9; *see* https://www.bapcertification.org/Standards.

1

the Seventh Circuit has recently noted, it does not reject proposed *amicus* briefs simply because the "friend of the court [is] interested in a particular outcome." *Id.*; *see Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997). Instead, it will approve an *amicus* filing that contributes "in clear and distinct ways, by, for example:" (1) "Offering a different analytical approach to the legal issues before the court," (2) "Highlighting factual, historical, or legal nuance glossed over by the parties," (3) "Explaining the broader regulatory or commercial context in which a question comes to the court," or (4) "Conveying instruction on highly technical, scientific, or specialized subjects." *Prairie Rivers*, 976 F.3d at 763; *see Ryan*, 125 F.3d at 1063 (an *amicus* brief should be accepted if it provides "unique information or perspective"). As the Seventh Circuit's discussion in *Prairie Rivers* makes clear, *amicus* briefs should be permitted if they provide assistance to the court by describing facts regarding a technical field and advance a legal argument not fully developed by the parties.[2]

GSA's proposed amicus brief does just that. First, contrary to Plaintiff's claim, the BAP standards promulgated by GSA are directly placed at issue by the Complaint. *Compare* Opp'n at 3 n.1 ("BAP standards are not referenced anywhere in the Complaint . . .") *with* Compl. ¶¶ 2 (displaying subject product packaging, which includes a BAP certification label), 15 n.7 (incorporating ALDI's website, describing its salmon as "Best Aquaculture Practices (BAP) Certified"). Accordingly, GSA has provided the court with a detailed description of the technical standards governing BAP certification—a description not provided by any other party.

---

[2] In contending that it is impermissible for *amicus* briefs to discuss factual issues, Plaintiffs rely primarily on unpublished, out-of-circuit opinions. Although Plaintiff does cite an unpublished 1987 order from the Northern District of Illinois suggesting that an *amicus* brief should not present the court with relevant facts, *see Tiara Corp. v. Ullenberg Corp.*, 1987 WL 16612, at *2 (N.D. Ill. 1987), that court adopted a crabbed view of *amicus* briefs that is inconsistent with the Seventh Circuit's recent *Prairie Rivers* decision. *Prairie Rivers* makes it clear that amici may present useful legal arguments and factual context.

2
14674574.1

Second, GSA explains how these facts are relevant to whether Plaintiff can state a claim for deceptive marketing. The brief explains, given the context of BAP's rigorous certification standards, how the term "sustainable" is reasonably understood. The factual overview in the brief provides context for GSA's legal argument that compliance with rigorous, third-party standards for best practices establishes the reasonable meaning of the term "sustainable" in seafood marketing. Further, this factual context provides support for GSA's legal argument that Plaintiff failed to adequately allege a plausible claim because there are a myriad of best practices that Plaintiff could have alleged were violated—yet the complaint contains no such allegations. Instead, Plaintiffs' complaint essentially claims that use of net pen aquaculture is *per se* unsustainable. Compl. ¶ 25. That is, as GSA's brief explains, an unrealistic and thus unreasonable standard.

In sum, the analysis provided in GSA's proposed brief provides important context for Plaintiffs' allegations and the issues discussed in the parties' motion to dismiss briefing. In its opposition to Defendant ALDI, Inc.'s motion to dismiss, Plaintiff discusses the meaning of the "BAP Certified" graphic at length. *See* Plaintiff's Opposition to Defendant's Motion to Dismiss, at 5-7 (Feb. 17, 2022). Plaintiff advances an argument, bereft of any factual support, regarding how a reasonable consumer would understand that certification and ALDI's related "sustainability" representation. GSA's proposed amicus brief provides important context for this unsupported argument. For example, contrary to the conclusion of a trial court in the District of Columbia, *see Toxin Free USA v. ALDI, Inc.*, 2021 CA 001694 B, Order at 5 (D.C. Super. Ct. Feb. 16, 2022), the fact that industry participants view "sustainable" to mean compliance with best practices supports the conclusion that a reasonable consumer would understand the same.

Under similar circumstances, courts in this Circuit have granted motions for leave to file an *amicus* brief. *See, e.g.*, *United States v. U.S. Steel Corp.*, 2021 WL 860941, at *5-6 (N.D. Ind. Mar. 8, 2021) (granting motion for leave at motion to dismiss stage); *Johnson v. U.S. Office of Personnel Mgmt.*, 2014 WL 1681691, at *1-2 (E.D. Wis. Apr. 28, 2014) (same). Moreover, courts have already found GSA's *amicus* briefs helpful in considering motions to dismiss in three similar cases. *See, e.g.*, *Toxin Free*, 2021 CA 001694 B, Order at 2 (D.C. Super. Ct. Feb. 16, 2022) (granting GSA's motion for leave); *Neversink Gen. Store v. Mowi USA, LLC*, 20-cv-9293, Dkt. No. 35 (S.D.N.Y. Feb. 9, 2021) (same); *Organic Consumers Ass'n v. Mowi ASA*, Case No. 2020 CA 3368 B, Order (D.C. Super. Ct. Dec. 22, 2020) (same).

Accordingly, GSA respectfully requests that the Court grant its motion for leave because its proffered *amicus* brief is both timely and helpful. As other courts have concluded, GSA's brief should be considered in assessing deceptive marketing claims based on "sustainability" representations relating to farm-raised salmon products.

Dated: February 23, 2022

Respectfully submitted,

/s/ Mark B. Rosen
Mark B. Rosen (*pro hac vice* pending)
PIERCE ATWOOD LLP
One New Hampshire Ave.
Suite 350
Portsmouth, NH 03801
Phone: (603) 433-6300
mrosen@pierceatwood.com

Joshua D. Dunlap (*pro hac vice* pending)
PIERCE ATWOOD LLP
254 Commercial Street
Portland, ME 04101
Phone: (207) 791-1103
jdunlap@pierceatwood.com

*Attorneys for Nonparty Amicus Curiae*
*Global Seafood Alliance*