# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JESSICA RAWSON, on behalf of herself and all others similarly situated, | ) ) ) | Case No. 1:21-cv-02811 |
| Plaintiff, | ) ) ) | Honorable Jorge L. Alonso |
| v. | ) ) | |
| ALDI INC., | ) ) | |
| Defendant. | ) ) | |

# REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S
# MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

## TABLE OF CONTENTS

**Page**

ARGUMENT ........................................................................................................................... 1

I.   Rawson fails to state a claim for violations of the New York General Business Law. ............................................................................................................................. 1

    A.    ALDI's label is not misleading. ............................................................................ 1

    B.    Rawson fails to allege a cognizable injury. ............................................................ 6

II.  The "State Consumer Protection Statutes" claim fails. ........................................... 8

III. Rawson's express warranty claim fails. ................................................................. 10

IV.  Rawson's unjust enrichment claim is duplicative. ................................................. 12

V.   Rawson lacks standing to pursue injunctive relief. ............................................... 13

CONCLUSION ...................................................................................................................... 15

As ALDI explained in its opening brief, none of Rawson's claims passes Rule 12 muster. Rawson's response fails to persuade otherwise. The Court should dismiss the Complaint.

## ARGUMENT

**I.    Rawson fails to state a claim for violations of the New York General Business Law.**

Rawson's claims under the New York General Business Law (GBL) fail as a matter of law for two independent reasons: (A) ALDI's label is not misleading, and (B) no injury has been alleged. Courts routinely dismiss GBL claims at the pleadings stage. Opening Br. 5–6, 9 (citing cases). "It is well settled," in fact, "that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013).

**A.    ALDI's label is not misleading.**

Rawson's primary tack is to claim the "BAP CERTIFIED" logo on ALDI's label is immaterial.[1] Yet, under applicable law, courts must "analyze[ ] the [product] packaging as a whole," *Axon v. Florida's Natural Growers, Inc.*, 813 F. App'x 701, 705 (2d Cir. 2020), and "view each allegedly misleading statement in light of its context on the product label," *Wurtzburger v. Kentucky Fried Chicken*, 2017 WL 6416296, at *3 (S.D.N.Y. 2017) (citation omitted). As ALDI thoroughly explained, a proper contextual viewing of its label—with the prominently displayed "BAP CERTIFIED" logo—reveals nothing that could violate the GBL. Opening Br. 5–9; *cf. Kommer v. Bayer Consumer Health*, 252 F. Supp. 3d 304, 312 (S.D.N.Y. 2017), *aff'd sub nom.*, 710 F. App'x 43 ("Assuming that a reasonable consumer might ignore the evidence plainly before him attributes to consumers a level of stupidity that the Court cannot countenance and that is not actionable

---

[1] Contrary to what Rawson says, the Court can consider the BAP website pages. *See, e.g.*, *Goplin v. WeConnect, Inc.*, 893 F.3d 488, 491 (7th Cir. 2018) (affirming district court's taking judicial notice of website); *Rowe v. Gibson*, 798 F.3d 622, 628–30 (7th Cir. 2015) (taking notice of medical reference websites).

under G.B.L. § 349." (citation omitted)).

Rawson speculates that "a reasonable consumer might not even know what 'BAP CERTIFIED' means." Resp. 5. Nowhere does the Complaint contain any such allegations about BAP certification or its possible effect on a reasonable consumer viewing ALDI's products. And Rawson cannot effectively amend her complaint in an opposition brief. *E.g.*, *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012) (reiterating the "basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss" (citation omitted)).

Attempting to bolster her claims, Rawson relies on Federal Trade Commission guidelines. Resp. 7; Compl. ¶ 17 & n.8. FTC guidelines, however, explain that "sustainable" is susceptible to many different meanings. *See* FTC, Green Guides, Statement of Basis and Purpose, at 257–58 (Oct. 1, 2012), https://bit.ly/2TQ7GL9 (noting that "sustainable" has a "wide range of meanings").[2] "Sustainable" can convey "environmental attributes," "non-environmental attributes such as durability or longevity," or "social and economic messages regarding, for instance, fair trade and community development." *Id.*; *see id.* at 250, 258 (citing 75 Fed. Reg. 63552, 63583 (Oct. 15, 2010)) ("[C]onsumer perception evidence indicat[es] that the ['sustainable'] claim has no single meaning to a significant number of consumers, and to some it conveys non-environmental characteristics."). Representations "susceptible to more than one interpretation" are "ambiguous." *Boswell v. Bimbo Bakeries USA, Inc.*, 2021 WL 5144552, at *3 (S.D.N.Y. 2021) (reasoning representation was ambiguous, in part because plaintiff's own pleadings offered multiple interpretations).

When, as here, (1) the representation at issue is better characterized as "ambiguous" than "misleading" or "an outright falsehood," and (2) something else on the label is capable of clarifying the ambiguity, then no GBL claim will lie. *Engram v. GSK Consumer Healthcare Holdings*

---

[2] The other FTC statement Rawson cites relates only to jewelry. Compl. ¶ 17.

*(US) Inc.*, 2021 WL 4502439, at *3–6 (E.D.N.Y. 2021); *see Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 500–01 (2d Cir. 2020) (affirming dismissal of claim based on "steak" representation, in part because "steak" carries multiple meanings). *Engram* explains that, under the GBL, "[t]here is a spectrum of advertising claims from factual claims that are absolutely true, at the one end, to (moving along the spectrum) ambiguous claims, to misleading claims, to claims that are outright false — and everything in between." 2021 WL 4502439, at *4.[3] On the far right of that spectrum, clarifying information cannot overcome "outright false" statements. *Id.* But especially given FTC guidelines, ALDI's "Sustainable" representation falls on the far left. For a merely "ambiguous" representation, clarifying information, if any is even required, need not do much work. "BAP CERTIFIED" easily clears that threshold. In fact, given the "variation between ostensibly reasonable definitions," ALDI's label likely is "necessarily not misleading or deceptive" *regardless of the BAP logo*. *Kennedy v. Mondelez Glob. LLC*, 2020 WL 4006197, at *10 (E.D.N.Y. 2020).

Beyond FTC guidelines, Rawson also suggests other definitions that allegedly would make "Sustainable" the type of representation upon which a GBL claim could be stated. For instance, she alleges that "[r]esearch" shows "claims related to sustainability" convey something about "higher animal welfare standards." Compl. ¶ 18. But the cited article is about European consumers, European products, and representations merely "*related to* sustainability." *Id.* & n.10 (emphasis added). That research, in other words, says nothing about *ALDI's label* or *ALDI's salmon* or *ALDI's consumers*. *See Mazella*, 2021 WL 2940926, at *4 (dismissing GBL claim, in part because plaintiff's survey evidence evaluated only representations different from those in question); *Axon*

---

[3] *Engram* is one of many of ALDI's cases that Rawson leaves untouched. Although she selects a few of ALDI's cases as involving "explicit disclaimers" supposedly unlike "BAP CERTIFIED," *see* Resp. 6, she does not even attempt to distinguish *Boswell*, 2021 WL 5144552, at *1–3; *Mazella v. Coca-Cola Co.*, 2021 WL 2940926, at *4 (S.D.N.Y. 2021); or *Ehlers v. Ben & Jerry's Homemade Inc.*, 2020 WL 2218858, at *3, *6–7 (D. Vt. 2020).

3

*v. Citrus World, Inc.*, 2019 WL 8223527, at *2 (E.D.N.Y. 2019), *aff'd sub nom.*, 813 F. App'x 701 (similar); *Hawyuan Yu v. Dr Pepper Snapple Grp., Inc.*, 2020 WL 5910071, at *7 (N.D. Cal. 2020) (reasoning that study cited in complaint, which was "tangentially related to Plaintiff's claims" did not "help[ ]" plaintiff "plead a plausible claim").

Rawson also implies that, at least for salmon, "sustainable" means the absence of any amount of "ethoxyquin," a "preservative in industrial fish feed." Compl. ¶¶ 30–32. For one thing, if Rawson were correct that consumers don't know what "BAP CERTIFIED" means, then those consumers certainly wouldn't equate "Sustainable" with "no ethoxyquin." More to the point, the Second Circuit has already rejected a nearly identical theory under New York law. In *Axon*, the plaintiff alleged that "Florida's Natural" misled consumers into believing orange juice contained no artificial ingredients. 813 F. App'x at 703. Affirming dismissal, the Second Circuit held that "no reasonable consumer would be misled into believing that Defendant's ["Florida's Natural"-labeled] products did not contain any trace amounts of glyphosate." *Id.* at 705. That Rawson allegedly conducted "laboratory testing," Compl. ¶ 43, doesn't salvage her theory's shortcomings or save her claims, *Santiful v. Wegmans Food Markets, Inc.*, 2022 WL 268955, at *4 (S.D.N.Y. 2022) (rejecting similarly pleaded laboratory-testing allegations).

What's more, ALDI's "Sustainable" representation constitutes non-actionable puffery. Opening Br. 9. Fellow courts have held similar representations like "environmentally friendly" and "committed to environmental health and safety stewardship" to be puffery. *Hydro-Blok USA LLC v. Wedi Corp.*, 2019 WL 2515318, at *7 (W.D. Wash. 2019), *aff'd & rev'd in part on other grounds*, 840 F. App'x 272; *In re Mun. Stormwater Pond*, 2019 WL 8014508, at *3 (D. Minn. 2019); *see also Stewart v. Kodiak Cakes, LLC*, 2021 WL 4950297, at *6–7 (S.D. Cal. 2021) ("nourishing"); *Villare v. Abiomed, Inc.*, 2021 WL 4311749, at *13–15 (S.D.N.Y. 2021) ("sustainable

4

growth"); *Raymo v. FCA US LLC*, 475 F. Supp. 3d 680, 706 (E.D. Mich. 2020) ("environmentally clean"). Rawson's cases, in contrast, lack persuasive heft. *Organic Consumers* and *Lee* were decided under D.C. substantive law;[4] *Organic Consumers* and *Chrysler-Dodge-Jeep* involved substantially different representations.[5] Further, by her own allegations, Rawson claims "sustainable" means "higher" standards. Compl. ¶ 18. "Higher" is, as Rawson's own cases show, exactly the type of mushy imprecision that characterizes puffery. Resp. 7 n.3 (citing case noting a "classic example[ ]" of puffery is a claim that "one's product is better than a competitor's").

Indeed, the FTC does not appear to consider "sustainable" to be the type of representation capable of constituting a "deceptive act[ ] [or] practice[ ]." FTC, *supra*, at 257–58. "[G]iven the wide range of meanings of 'sustainable,'" the FTC concluded it "lacks a basis for providing . . . guidance [about 'sustainable' representations]" under its authority to "prevent 'deceptive acts and practices'" by "provid[ing] information regarding how consumers perceive terms." *Id.* If the imprecision of "sustainable" prevents the FTC from even providing *information* and *guidance*, how could it rise to the level of an actionable claim in court? *Cf. Hawyuan Yu*, 2020 WL 5910071, at *7 (reviewing study cited in complaint, and reasoning that parts of study "arguably undermine[ ], rather than support[ ], Plaintiff's argument about the reasonable consumer's interpretation").

Finally, even if this Court ignores BAP certification (it shouldn't), and even if "sustainable" carries a sufficiently definite meaning to qualify as actionable (it doesn't), Rawson's claim

---

[4] Rawson points to *Toxin Free USA v. ALDI, Inc.*, No. 2021 CA 001694 (D.C. Super. Feb. 16, 2022). But that case was decided under both different substantive law and different procedural standards. The D.C. trial court's declaration that it was "confident that Plaintiff understands the requirements of pleading a cause of action," *id.* at 4, should not color this Court's review and application of federal procedure and New York substantive law, *see Axon v. Citrus World, Inc.*, 354 F. Supp. 3d 170, 184 n.12 (E.D.N.Y. 2018), *aff'd sub nom.*, 813 F. App'x 701 (noting that GBL and D.C. Consumer Protection Procedures Act do not necessarily apply interchangeably).
[5] *Lee v. Canada Goose US, Inc.*, 2021 WL 2665955 (S.D.N.Y. 2021); *In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices & Prods. Liab. Litig.*, 295 F. Supp. 3d 927 (N.D. Cal. 2018); *Organic Consumers Ass'n v. Tyson Foods, Inc.*, 2021 WL 1267807 (D.C. Super. 2021).

still fails: she does not plausibly allege facts showing ALDI's salmon *isn't* "sustainable." Starting from the premise that ALDI's salmon was allegedly sourced "in part, from Chile," Compl. ¶ 22, Rawson relies on a string of assumptions supposedly showing that "unsustainable" salmon found its way to her dinner plate. Yet all the Complaint alleges is that some unidentified fish farms in Chile, at unidentified points in time, employed certain vaguely-described practices, to a greater or lesser extent, that may have resulted in fish that don't live up to Rawson's unsupportable definition of "sustainable"—and that such fish were supplied to ALDI somehow, by someone, at some time. Even under Rule 12's generous standard, Rawson comes up short. Although she is entitled to have reasonable inferences drawn in her favor, the Court need not—and should not—perform logical gymnastics to save her claim. *Marconi v. Ind. Mun. Power Agency, ISC, Inc.*, 2016 WL 4530307, at *7 (N.D. Ill. 2016) ("The court need not accept such unreasonable inferences or unwarranted deductions of fact. This long chain of assumptions is simply not supported by the allegations in the complaint." (citation omitted)); *Hawyuan Yu*, 2020 WL 5910071, at *6 ("Plaintiff doesn't have carte blanche to take illogical leaps and bounds and leave the Court to connect the dots.").

### B. Rawson fails to allege a cognizable injury.[6]

Opposing ALDI's argument, Rawson responds that she suffered a cognizable GBL injury because she "paid *more* for the Products than she otherwise would have in the absence of ALDI's 'sustainable' claim because she thought she was getting a 'sustainable' product." Resp. 8 (emphasis in original). Yet despite claiming she paid "more," Rawson alleges no actual facts to support this. She does not allege, for instance, any other comparable product that was priced lower because it lacked the "Sustainable" representation. Facts like this are *necessary* to maintain a price-premium theory. *Marshall v. Hyundai Motor Am.*, 334 F.R.D. 36, 59 (S.D.N.Y. 2019) (stating that

---

[6] The *Toxin Free* court did not address this argument or any other argument raised below.

plaintiff "must do more than merely allege that [she] paid a premium price [for her product]"); *Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 143 (E.D.N.Y. 2018) (dismissing GBL claims where "plaintiff only conclusorily assert[ed] that Atkins Nutritionals charges a premium for its products and provide[d] no facts regarding what the premium was, what price he paid for the products, or the price of non-premium products"); *Borenkoff v. Buffalo Wild Wings, Inc.*, 2018 WL 502680, at *4 (S.D.N.Y. 2018) (holding that plaintiff's assertion of a "premium" constituted nothing more than a "legal conclusion couched as a factual allegation").

Rawson discusses none of the several cases ALDI cited on this issue. Opening Br. 9–11. The two cases she cites, moreover, only highlight why her Complaint is insufficient. Resp. 8 (citing *Rodriguez v. Hanesbrands Inc.*, 2018 WL 2078116 (E.D.N.Y. 2018); *Greene v. Gerber Prod. Co.*, 262 F. Supp. 3d 38 (E.D.N.Y. 2017)). The complaint in *Rodriguez* "provid[ed] a table that compares the prices paid by plaintiffs with those of comparable hosiery sold at [the stores where plaintiffs] purchased the Products." 2018 WL 2078116, at *5. And the *Greene* complaint, about allergy representations on baby formula, alleged (1) "that another [formula,] which did not make allergy claims, is priced at a forty-one percent discount[;]" "that Defendant suggested that [its] inability to make the allergy claims negatively affected sales[;]" that "parents value a formula's ability to protect their children from developing allergies[;]" and that the plaintiff "paid for a benefit—the reduced risk of allergies—that the [formula] did not provide." 262 F. Supp. 3d at 68.

Rawson's response about statutory damages is entirely beside the point. ALDI's argument is about a lack of cognizable *injury* under the GBL. A plaintiff cannot sue in federal court to recover damages—statutory or otherwise—absent injury. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2206 (2021). Moreover, while Rawson cites cases to support the notion that "statutory damages pursuant to NYGBL §§ 349 and 350 are available on a class-wide basis," that does not rescue

7

her deficient individual claim—which is all that matters at this stage. *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 631 (7th Cir. 2007); *Cowen v. Bank United of Texas, FSB*, 70 F.3d 937, 941 (7th Cir. 1995); *see also Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 616 (7th Cir. 2002) (explaining that, before "certification[,] there is no class action but merely the prospect of one; the only action is the suit by the named plaintiffs").[7]

## II. The "State Consumer Protection Statutes" claim fails.

In its opening brief, ALDI cited on-point cases showing that Rawson's Count III, which "does little more than list a couple dozen state statutes in alphabetical order by state, without pleading any of their elements[,]" should be dismissed. *In re Aluminum Warehousing Antitrust Litig.*, 833 F.3d 151, 163 (2d Cir. 2016) (holding that state consumer-protection claims should be dismissed when "[t]he complaint does little more than list a couple dozen state statutes in alphabetical order by state, without pleading any of their elements"); Opening Br. 11–12 (citing cases dismissing similar claims). Rawson tries to distinguish ALDI's cases, saying they contain different facts or dissimilar dismissal orders. But a close look reveals that the courts in ALDI's cases did exactly what ALDI asks for here: dismiss (or affirm dismissal of) a mere listing of state statutes because such a listing fails to state a claim. *Aluminum Warehousing*, 833 F.3d at 163; *In re Trilegiant Corp., Inc.*, 11 F. Supp. 3d 82, 124 (D. Conn. 2014); *Chavez v. Wal-Mart Stores, Inc.*, 2014 WL 12591244, at *4 (C.D. Cal. 2014).[8]

---

[7] Rawson says damages "can be measured using a 'willingness-to-pay' model." Resp. 9 n.5. Even if that model were sufficient for class certification—it is not, *see, e.g.*, *In re Emerson Elec. Co. Wet/Dry Vac Mktg. & Sales Litig.*, 2021 WL 5003102, at *2 (E.D. Mo. 2021) (rejecting model); *In re Gen. Motors LLC Ignition Switch Litig.*, 407 F. Supp. 3d 212, 234–37 (S.D.N.Y. 2019) (same)—it does not save Rawson from her obligation to plead cognizable injury under the GBL.
[8] Although addressing slightly different situations, ALDI's other cases contain language supporting its argument. *Ezekoye v. Ocwen Fed. Bank FSB*, 179 F. App'x 111, 113 n.3 (3d Cir. 2006) (stating the "mere mention" of "numerous other statutes that [allegedly were] violated" is "insufficient to state a claim for relief"); *Moore v. Bank of Am.*, 2015 WL 9467501, at *2 n.3 (E.D. Mich. 2015) ("[Plaintiff] cannot state a claim under these Acts simply by mentioning them by name.").

8

Rawson also claims that "ALDI's motion to dismiss does not articulate any distinctions between the States' laws or their application." Resp. 10 n.6. But that is not ALDI's responsibility. Rawson, as the plaintiff, must ensure that well-pleaded factual allegations plausibly show a violation of each claim she seeks to assert. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (establishing plausible-pleading standard in the context "of what a plaintiff must plead in order to state a claim *under § 1 of the Sherman Act*" (emphasis added)).[9] At any rate, "[s]tate consumer-protection laws vary considerably, and courts must respect these differences rather than apply one state's law to sales in other states with different rules." *In re Fluidmaster, Inc., Water Connector Components Prod. Liab. Litig.*, 2017 WL 1196990, at *37 (N.D. Ill. 2017) (quoting *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1018 (7th Cir. 2002)). "All fifty-one jurisdictions' consumer protection laws differ significantly on procedural (length and accrual of the statute of limitations, statutory standing, and notice) and substantive (reliance, causation, state of mind, and remedies) dimensions." *Id.*; *see also S.C. Johnson & Son, Inc. v. Transp. Corp. of Am. Inc.*, 697 F.3d 544, 557 (7th Cir. 2012) (citing sources). Regardless of "efficien[cy]," Resp. 11, Rawson "cannot use class actions to escape pleading requirements," *In re Bayer Corp. Combination Aspirin Prods. Mktg. & Sales Practices Litig.*, 701 F. Supp. 2d 356, 378–79 (E.D.N.Y. 2010).[10]

Separately, Rawson does not allege she bought ALDI's products in places or under circumstances that would support a claim under law other than New York law. The only reason she

---

[9] On that note, it is *Rawson*'s obligation to "make . . . argument[s] specific to a state statute." Resp. 12. Because she failed to cross the pleading threshold in that regard, ALDI need not make state-by-state arguments.

[10] Rawson's cases do not do the work she needs them to do. *Freeman v. MAM USA Corp.* confronted standing and personal-jurisdiction arguments—not the pleading-sufficiency arguments ALDI raises here. 528 F. Supp. 3d 849, 859 (N.D. Ill. 2021). *Metague v. Woodbolt Distribution, LLC* likewise dealt with standing arguments and relied on Fourth Circuit law. 2021 WL 2457153, at *7 (D. Md. June 16, 2021). Seventh Circuit law differs, however, and requires the named plaintiff's allegations to pass Rule 12 muster on their own. *Pisciotta*, 499 F.3d at 631; *Morlan*, 298 F.3d at 616; *Cowen*, 70 F.3d at 941.

includes the other states is for her putative *class*. On a Rule 12 motion, however, courts examine only the *named plaintiff's* claims, regardless of class considerations. *Pisciotta*, 499 F.3d at 631; *Morlan*, 298 F.3d at 616; *Cowen*, 70 F.3d at 941. Rawson's own cases, in fact, help highlight why Count III must be dismissed. In *In re 100% Grated Parmesan Cheese Marketing & Sales Practices Litigation*, the named plaintiffs were consumers from "around the country," and they could support claims based on each respective state's law. 275 F. Supp. 3d 910, 914 (N.D. Ill. 2017). Similarly in *Atik v. Welch Foods, Inc.*, the two plaintiffs were from New York and California; that's why the court analyzed both states' laws. 2016 WL 5678474, at *8 (E.D.N.Y. 2016); *see* Class Action Compl., ECF No. 1 (Sept. 18, 2015), in *Atik*, No. 1:15-cv-05405 (E.D.N.Y.). Here, Rawson is the only named plaintiff. Because Rule 12 focuses only on her *individual* claims, the class-member-based, insufficiently-pleaded "State Consumer Protection Statutes" claim must fail.

### III. Rawson's express warranty claim fails.

ALDI explained that Rawson's warranty claim fails for two independent reasons: no requisite statement on ALDI's part, and no viable damages theory. Opening Br. 12–14. As to requisite statement, Rawson contends, as she did on her GBL claim, that a "reasonable consumer *could be* deceived because they would be *unlikely* to know the details of BAP certification." Resp. 12 (emphases added). But nowhere does the Complaint contain any allegations about BAP certification or its possible effect on reasonable consumers viewing ALDI's products.

Rawson also invokes the contract principle that courts "give the words of the agreement their ordinary and plain meaning." Resp. 13 (quoting *Jakobson Shipyard, Inc. v. Aetna Cas. & Sur. Co.*, 961 F.2d 387, 389 (2d Cir. 1992)). True enough, but contracts—and product labels—also "should be read as a harmonious and integrated whole so as to give effect to its purpose and intent, and must be construed in a manner which gives effect to each and every part, so as not to render any provision meaningless or without force or effect." *HTRF Ventures, LLC v. Permasteelisa N.*

10

*Am. Corp.*, 141 N.Y.S.3d 17, 21 (App. Div. 2021); *see Warren W. Fane, Inc. v. Tri-State Diesel, Inc.*, 2014 WL 1806773, at *7 (N.D.N.Y. 2014); 77A C.J.S. Sales § 428. This means the entire label—"Sustainable" plus "BAP CERTIFIED"—must be read together. *See supra* pp. 1–3.

Not only does Rawson rip "Sustainable" from its context (contrary to what's required under the GBL and warranty law), but she also proclaims that "the plain meaning of the word 'sustainable' conveys to consumers specific environmental benefits and higher animal welfare standards." Resp. 12 (citing Compl. ¶¶ 16–20). As discussed above, the Complaint does not establish any meaning of the word "sustainable," much less an agreed-upon, "plain" one. *See supra* pp. 2–5. And just as importantly, the Complaint lacks allegations about what *ALDI's label* means to *reasonable* consumers viewing *it*—as opposed to what other labels with other representations might mean to consumers viewing those labels in other contexts. *See, e.g.*, Compl. ¶¶ 19–20.

Further, Rawson claims dismissal is inappropriate because factual questions exist. Resp. 13. Although Rawson cites *Mason v. Reed's Inc.*, that case actually says that "[w]hether . . . warranties were *breached* is a question of fact." Resp. 13 (quoting 515 F. Supp. 3d 135, 146 (S.D.N.Y. 2021)) (emphasis added). Here, by contrast, ALDI argues that "Sustainable," as characterized by Rawson, does not constitute an actionable warranty in the first instance. Whether a label contains a warranty can be decided at the pleadings stage: many cases have so held, and *Mason* is not to the contrary. *See* Opening Br. 12–13 (citing, and explaining, *Kennedy*, *Brumfield*, and *Axon*). Neither of Rawson's other two cases—*Atik* or *Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 8 F. Supp. 3d 467 (S.D.N.Y. 2014)—are to the contrary, either. Sure, they both denied motions to dismiss express-warranty claims. But they did not do so because warranty claims can never be dismissed at the pleadings stage, as Rawson implies. They determined that the respective complaints at issue alleged sufficient facts to make out an actionable warranty. Rawson has not. *See also Jones v. Orgain, LLC*, 2021 WL 4392783, at *4 (S.D.N.Y. 2021) ("Because plaintiff has

11

failed plausibly to allege her claims under GBL Sections 349 and 350, plaintiff's claims for . . . breach of express warranty . . . and unjust enrichment also fail.").

As for damages, Rawson cross-references her response to the GBL arguments. Resp. 13. Hence, Rawson's argument about warranty damages rises or falls to the same extent as her argument about GBL injury. *See Weiner v. Snapple Beverage Corp.*, 2011 WL 196930, at *5 (S.D.N.Y. 2011) ("[F]ail[ure] to establish an injury for purposes of [GBL] § 349 . . . similarly doom[s] the plaintiffs' claims based on . . . express warranty."). Rawson's arguments both fail equally.

Finally, Rawson's warranty claim fails for yet another reason. A "buyer" must "notify the seller of breach or be barred from any remedy." N.Y. U.C.C. § 2-607(3)(a); *Barton v. Pret A Manger (USA) Ltd.*, 535 F. Supp. 3d 225, 244–45 (S.D.N.Y. 2021); *Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 591 (S.D.N.Y. 2021). Rawson does not allege that she notified ALDI.

### IV. Rawson's unjust enrichment claim is duplicative.

Rawson's unjust-enrichment claim fails because it "duplicates" or "replaces" her other claims. Opening Br. 14 (quoting *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012)). Indeed, courts regularly dismiss unjust-enrichment claims when other claims—including those alleged here—already do the work. *E.g.*, *Grossman v. Simply Nourish Pet Food Co. LLC*, 516 F. Supp. 3d 261, 285 (E.D.N.Y. 2021) (dismissing, at pleadings stage, unjust enrichment claim that "duplicate[d] the plaintiff's other claims," including for breach of warranty and under GBL §§ 349 and 350, "which ar[o]se out [of] identical facts," namely "the defendants' alleged misrepresentation on the [p]roduct packaging"); *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 473–74 (S.D.N.Y. 2020) (similar); *Corsello*, 18 N.Y.3d at 789–91 (similar).

Rawson responds that this anti-duplication rule doesn't apply here, because the elements of unjust enrichment differ from the elements of her GBL claims. Resp. 13–14. To support that notion, Rawson cites *Warner v. StarKist Co.*, 2019 WL 1332573 (N.D.N.Y. 2019) and *McCracken*

12

*v. Verisma Sys., Inc.*, 2017 WL 2080279 (W.D.N.Y. 2017) (along with a third case that relies on the first two, *Acquard v. Big Heart Pet Brands, Inc.*, 2020 WL 12904361 (W.D.N.Y. 2020)). But a more recent decision lambasts *Warner*'s and *McCracken*'s "formulaic, element-to-element comparison." *Cooper v. Anheuser-Busch, LLC*, 2021 WL 3501203, at *20 (S.D.N.Y. 2021). What matters are the *facts alleged*—not the elements of claims. *See id.* at *19–20. Applying the proper approach, this Court can see that Rawson's "unjust enrichment claim is premised on the same factual allegations as those supporting [her] other claims." *Id.* at *19. Rawson also has not "alleged distinct damages with respect to" her unjust-enrichment claim. Accordingly, "the Court must dismiss [Rawson's] unjust enrichment claim as duplicative." *Id.*

The Court of Appeals of New York, for its part, has explained that unjust enrichment "is available only in *unusual* situations" where the "defendant, though guilty of no wrongdoing, has received money to which he or she is not entitled." *Corsello*, 18 N.Y.3d at 790. Here, by contrast, Rawson alleges that ALDI *is* guilty of wrongdoing, by violating the GBL and breaching a warranty. This is not *Corsello*'s "unusual situation": this is blunderbuss pleading, requiring dismissal.

**V.     Rawson lacks standing to pursue injunctive relief.**

Rawson "does not currently purchase the Products." Compl. ¶¶ 42–43, 66, 127. Nor does Rawson allege *she* intends to purchase *ALDI's products* in the future. To that end, "[Rawson] is not likely to be harmed by [ALDI's] practices in the future" and thus is "not entitled to injunctive relief." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 741 (7th Cir. 2014). She lacks standing. *E.g.*, *Conrad v. Boiron, Inc.*, 869 F.3d 536, 542 (7th Cir. 2017) (Now "fully aware of the fact that [the product] is nothing but sugar water," plaintiff lacked standing to seek injunctive relief.); *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013) (similar); *Chiappetta v. Kellogg Sales Co.*, 2022 WL 602505, at *10 (N.D. Ill. 2022) (similar); *Brodsky v. Aldi Inc.*, 2021 WL 4439304, at *4 (N.D. Ill. 2021) (similar).

Rawson neglects to mention, much less distinguish, any of the cases ALDI cited. Instead, she recites allegations from her Complaint about the *class* she wants to represent. Resp. 14 (quoting Compl. ¶¶ 50, 67) ("The Complaint alleges a threat of future injury by pleading that ALDI's deceptive conduct 'continues to harm the *consumers* Plaintiff Rawson *seeks to represent*[.]'" (emphases added)). The argument Rawson builds from these allegations is a square peg that doesn't fit Rule 12's round hole. On a Rule 12 motion, courts examine only the *named plaintiff's* claims, regardless of class considerations. *Pisciotta*, 499 F.3d at 631; *Cowen*, 70 F.3d at 941. That's because before "certification[,] there is no class action but merely the prospect of one; the only action is the suit by the named plaintiffs." *Morlan*, 298 F.3d at 616; *see also Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999) ("Any injury unnamed members of this proposed class may have suffered is simply irrelevant to . . . whether the named plaintiffs are entitled to the injunctive relief they seek."); *Panter v. City of Chi.*, 1988 WL 2793, at *1 (N.D. Ill. 1988) (same).

As for *herself* (not the putative class), Rawson cites a California district court for the proposition that "[w]here plaintiffs do plan to purchase defendants' products in the future . . . an injunction can redress the prospect of real injury." *Swearingen v. Late July Snacks LLC*, 2017 WL 1806483, at *10 (N.D. Cal. 2017). She then implies her Complaint contains such an allegation. But a careful reading shows otherwise. Throughout the Complaint, Rawson refers to *ALDI's salmon products* as "the Products" or "ALDI's Products." Rawson separately alleges she "continues to purchase salmon products and intends to continue purchasing salmon products in the future . . . ." Compl. ¶ 66. That's "salmon products" generally. *Id.* In the same sentence, she adds that "she does not currently purchase *the Products*." *Id.* (emphasis added). And, whereas Rawson "intends to continue purchasing *salmon products*," *id.* (emphasis added), she merely "*wishes to be able* to continue purchasing *ALDI's Products*," *id.* ¶ 67 (emphases added). Wishing and intending

14

are manifestly different concepts, and the former falls squarely within the "conjectural or hypothetical" category of standing-less injuries. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Rawson's clever language cannot make up for her lack of facts.

Finally, Rawson suggests that standing doctrine supplies the wrong analytical framework; "entitlement to relief," she says, is different. Resp. 15. But the Seventh Circuit has repeatedly analyzed the question as one of standing: whether the *named plaintiff* has *standing* to sue *for injunctive relief*. *Conrad*, 869 F.3d at 542; *Camasta*, 761 F.3d at 741; *Scherr*, 703 F.3d at 1074; *accord Chiappetta*, 2022 WL 602505, at *10; *Brodsky*, 2021 WL 4439304, at *4.[11] Even if "entitlement to relief" were a more appropriate framework than "standing," however, Rawson's injunctive-relief request would still not survive. For the very same reasons she fails to allege facts supporting standing, she fails to allege facts supporting entitlement to an injunction. *See Camasta*, 761 F.3d at 741 ("[N]ow aware of [defendant's] sales practices, [plaintiff] is not likely to be harmed by the practices in the future" and thus "not entitled to injunctive relief.").

## CONCLUSION

The Court should dismiss the Complaint with prejudice.

---

[11] The reasoning of *Leiner v. Johnson & Johnson Consumer Cos., Inc.*, 215 F. Supp. 3d 670, 672 (N.D. Ill. 2016), the case Rawson cites, was strongly criticized by this Court in another case Rawson cites, *Freeman v. MAM USA Corp.*, 528 F. Supp. 3d 849, 857–58 (N.D. Ill. 2021). *Belfiore v. Procter & Gamble Co.*, also cited by Rawson, was an Eastern District of New York case facing Second Circuit law that had "apparently not yet directly addressed the issue," 94 F. Supp. 3d 440, 444 (E.D.N.Y. 2015). Apparently it has now—contrary to *Belfiore*. *See Berni v. Barilla S.p.A.*, 964 F.3d 141, 148–49 (2d Cir. 2020). In all events, because standing is a *federal* issue, Seventh Circuit law controls—and that Court clearly has directly addressed the issue, and decided it in ALDI's favor. *Conrad*, 869 F.3d at 542; *Camasta*, 761 F.3d at 741.

Dated: March 3, 2022

Respectfully submitted,

HUSCH BLACKWELL LLP

/s/ *Michael Klebanov*
Michael Klebanov, IL Bar No. 6317636
750 17th Street, NW, Suite 900
Washington, DC 20006
202-378-2363 Telephone
202-378-2319 Facsimile
michael.klebanov@huschblackwell.com

Michael D. Hayes, IL Bar No. 6187607
120 S. Riverside Plaza, Suite 2200
Chicago, IL 60606
312-655-1500 Telephone
312-655-1501 Facsimile
michael.hayes@huschblackwell.com

***Attorneys for Defendant ALDI Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March, 2022, I caused the foregoing to be filed electronically with the Clerk of Court and to be served via the Court's Electronic Filing System upon all counsel of record.

/s/ *Michael Klebanov*