# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JESSICA RAWSON, on behalf of herself and all others similarly situated, ) ) ) | Case No. 1:21-cv-02811 |
| ) | Honorable Jorge L. Alonso |
| Plaintiff, ) ) | |
| ) | **JURY TRIAL DEMANDED** |
| v. ) ) | |
| ALDI INC. ) ) | |
| Defendant. ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant ALDI Inc. ("Defendant"), by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to Plaintiff Jessica Rawson's ("Plaintiff") Complaint, stating as follows:

Defendant admits the allegation in Plaintiff's introductory paragraph that she brings this action individually and on behalf of other similarly situated individuals and that she seeks equitable relief and equitable damages. Defendant denies that Plaintiff has stated a claim, that she or the class of individuals she seeks to represent are entitled to any relief from Defendant, and that this action may properly be maintained as a class action. All allegations not expressly admitted are denied.

## INTRODUCTION

1. Defendant admits it has over 2,000 stores across the country. Defendant lacks knowledge and information sufficient to admit or deny the allegation that it is "one of the largest food retailers in the United States" because the allegation is vague and imprecise.

2. Defendant admits that it sells Fresh Atlantic Salmon products bearing a label mentioning, among other things, the products' sustainability and third-party certification. Defendant denies the remaining allegations in Paragraph 2 of the Complaint. All allegations in Paragraph 2 not expressly admitted are denied.

3. Defendant denies the allegations in Paragraph 3 of the Complaint.

4. Defendant denies the allegations in Paragraph 4 of the Complaint.

5. Defendant denies the allegations in Paragraph 5 of the Complaint.

6. Defendant denies the allegations in Paragraph 6 of the Complaint.

7. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 7.

8. Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Defendant admits that Plaintiff purports to bring this case as a class action on behalf of consumers who purchased Fresh Atlantic Salmon products from Defendant and that Plaintiff seeks monetary, declaratory, and injunctive relief on behalf of herself and the putative class. Defendant denies that Plaintiff has stated a claim, that she or the putative class of individuals she seeks to represent are entitled to any relief from Defendant, and that this action may properly be maintained as a class action. Defendant further answers that the Court dismissed Plaintiff's requests for injunctive relief and, therefore, Plaintiff and the class she seeks to represent are not entitled to injunctive relief. All allegations in Paragraph 9 not expressly admitted are denied.

**FACT ALLEGATIONS**

10. Defendant admits the allegations in Paragraph 10 of the Complaint.

11. Defendant admits that it operates more than 2,000 stores across 36 states, including stores in New York. Defendant admits that consumers can view ALDI's products online and that

consumers can purchase some products online for store pickup or local delivery through a third-party provider.  All allegations in Paragraph 11 not expressly admitted are denied.

14. Defendant admits that it sells Fresh Atlantic Salmon products bearing a label mentioning, among other things, the products' sustainability and third-party certification.  Defendant denies the remaining allegations in Paragraph 12 of the Complaint.  All allegations in Paragraph 12 not expressly admitted are denied.

13. Defendant denies the allegations in Paragraph 13 of the Complaint, including the allegations contained in the title of subsection "I." listed immediately below Paragraph 13.

14. Defendant admits that it sells Fresh Atlantic Salmon products bearing a label mentioning, among other things, the products' sustainability and third-party certification and admits that Plaintiff has provided an example of such a label in Paragraph 2.  Defendant denies that the allegations in Paragraph 14 of the Complaint adequately capture the full context in which the labels appear.  All allegations in Paragraph 14 not expressly admitted are denied.

15. Defendant admits that its webpages contain information mentioning, among other things, various products' sustainability and third-party certification.  Defendant denies that the allegations in Paragraph 15 of the Complaint adequately capture the full context in which the labels appear.  All allegations in Paragraph 15 not expressly admitted are denied.

16. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 16.

17. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 17.

18. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 18.

3

19. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 19.

20. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 20 of the Complaint. Defendant denies the allegations contained in the title of subsection "II." listed immediately below Paragraph 20.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant admits that the Fresh Atlantic Salmon products sold in certain of its stores are sourced, at least in part, from commercial sources in Chile. Defendant denies that its sources are known for unsustainable production methods. As to the remainder of the allegations, Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 22.

23. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 23.

24. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 24 of the Complaint. Defendant denies the allegations contained in the title of subsection "A." listed immediately below Paragraph 24.

25. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 25.

26. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 26.

27. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 27.

28. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 28.

29. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 29.

30. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 30.

31. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 31.

32. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 32.

33. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 33. Defendant denies the allegations contained in the title of subsection "B." listed immediately below Paragraph 33.

34. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 34.

35. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 35.

36. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37 of Plaintiff's Complaint. Defendant further denies the allegations contained in the title of subsection "III." listed immediately below Paragraph 37.

38. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 38.

39. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 39.

40. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 40. Defendant denies the allegations contained in the title of subsection "IV." listed immediately below Paragraph 40.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 43.

44. Defendant admits that it marketed Fresh Atlantic Salmon products with certain representations regarding sustainability. Defendant denies that it possessed full knowledge of "how the Products are sourced and produced." All allegations not expressly admitted herein are denied.

45. Defendant denies that the production process for the Fresh Atlantic Salmon products is fully "known" to Defendant. Defendant lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant denies making false, deceptive, or misleading representations. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 49 about Plaintiff Rawson or "the Class."

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

## JURISDICTION AND VENUE

52. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 52.

53. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 53.

54. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 54.

55. Defendant admits that the Court has personal jurisdiction over it, that it is an Illinois corporation with its principal place of business in Illinois, and that it has sold various products to consumers in Illinois and certain other states. All allegations in Paragraph 55 not expressly admitted are denied.

56. Defendant admits that venue is proper in this District under 28 U.S.C. § 1391(a)-(b). Defendant denies all remaining allegations.

## PARTIES

57. Defendant admits the allegations in Paragraph 57 of the Complaint.

58. Defendant admits the allegations in Paragraph 58 of the Complaint.

59. Defendant admits that it markets and distributes Fresh Atlantic Salmon in certain retail outlets, including in Illinois and New York, and through its website. All allegations in Paragraph 59 not expressly admitted are denied.

60. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 60.

61. Defendant admits it received Plaintiff's March 12, 2021, letter, which summarized some of her claims. Defendant denies it was under any obligation to acknowledge receipt of Plaintiff's letter or to provide the relief requested therein. Defendant further denies any and all allegations contained within Plaintiff's letter.

62. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 62.

63. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 63.

64. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 64.

65. Defendant lacks knowledge and information sufficient to admit or deny the remaining allegations. All allegations in Paragraph 65 not expressly admitted are denied.

66. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 66.

67. Defendant denies making false, deceptive, or misleading representations. Defendant further answers that the Court dismissed Plaintiff's requests for injunctive relief and, therefore, Plaintiff and the class she seeks to represent are not entitled to injunctive relief.

Defendant lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 67.

## **CLASS ALLEGATIONS**

68. Defendant realleges and incorporates by references its responses to the allegations set forth in each of the preceding paragraphs of this Complaint.

69. Defendant denies the allegations in Paragraph 69 of the Complaint.

70. Defendant admits that Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and a putative class of similarly situated individuals. Defendant denies that Plaintiff has stated a claim, that she or the class of individuals she seeks to represent are entitled to any relief from Defendant, and that this action may properly be maintained as a class action. All allegations in Paragraph 70 not expressly admitted are denied.

71. Defendant admits that Plaintiff purports to bring claims on behalf of a subclass of persons within the state of New York. Defendant denies that Plaintiff has stated a claim, that she or the class of individuals she seeks to represent, including the putative New York subclass, are entitled to any relief from Defendant, and that this action may properly be maintained as a class action. All allegations in Paragraph 71 not expressly admitted are denied.

72. Defendant admits that Plaintiff purports to bring claims on behalf of a subclass of persons within the states of Alabama, Arizona, California, Connecticut, Delaware, District of Columbia, Florida, Georgia, Illinois, Indiana, Iowa, Kansas, Kentucky, Maryland, Massachusetts, Michigan, Minnesota, Missouri, Nebraska, New Hampshire, New Jersey, New York, North Carolina, North Dakota, Ohio, Oklahoma, Pennsylvania, Rhode Island, South Dakota, Texas, Vermont, Virginia, West Virginia, and Wisconsin. Defendant denies that Plaintiff has stated a claim, that she or the class of individuals she seeks to represent, including the putative multistate

subclass, are entitled to any relief from Defendant, and that this action may properly be maintained as a class action. All allegations in Paragraph 72 not expressly admitted are denied.

73. Defendant admits the allegations in Paragraph 73 but denies that Plaintiff has stated a claim, that she or the class of individuals she seeks to represent are entitled to any relief from Defendant, and that this action may properly be maintained as a class action. All allegations in Paragraph 73 not expressly admitted are denied.

74. Defendant admits that Plaintiff purports to bring this class pursuant to Federal Rules of Civil Procedure 23(a), (b)(1), (b)(2), and (b)(3). Defendant denies that Plaintiff has stated a claim, that she or the class of individuals she seeks to represent are entitled to any relief from Defendant, and that this action may properly be maintained as a class action. All allegations in Paragraph 74 not expressly admitted are denied.

75. Defendant admits that Plaintiff seeks to reserve the right to amend the class definitions. Defendant denies that Plaintiff may do so without first complying with the applicable Federal Rules of Civil Procedure and Local Rules. Defendant further denies that Plaintiff has stated a claim, that she or the class of individuals she seeks to represent are entitled to any relief from Defendant, and that this action may properly be maintained as a class action. All allegations in Paragraph 75 not expressly admitted are denied.

76. Defendant denies the allegations in Paragraph 76 of the Complaint.

77. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 77.

78. Defendant denies the allegations in Paragraph 78, including subparts (a) through (d).

79. Defendant denies the allegations in Paragraph 79 of the Complaint.

80. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 80.

81. Defendant denies the allegations in Paragraph 81 of the Complaint.

82. Defendant denies the allegations in Paragraph 82 of the Complaint.

83. Defendant denies the allegations in Paragraph 83 of the Complaint.

84. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 84.

85. Defendant denies the allegations in Paragraph 85 of the Complaint. Defendant further answers that the Court dismissed Plaintiff's requests for injunctive relief and, therefore, Plaintiff and the class she seeks to represent are not entitled to injunctive relief.

86. Defendant denies the allegations in Paragraph 86 of the Complaint. Defendant further answers that the Court dismissed Plaintiff's requests for injunctive relief and, therefore, Plaintiff and the class she seeks to represent are not entitled to injunctive relief.

## CAUSES OF ACTION

### Count I

**Violations of New York General Business Law § 349**
**(On Behalf of Plaintiff and the New York Subclass)**

87. Defendant realleges and incorporates by references its responses to the allegations set forth in each of the preceding paragraphs of this Complaint.

88. Defendant admits the allegations in Paragraph 88 of the Complaint.

89. Defendant denies the allegations in Paragraph 89 of the Complaint.

90. Defendant denies the allegations in Paragraph 90 of the Complaint.

91. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 91 of the Complaint.

92. Defendant denies the allegations in Paragraph 92 of the Complaint.

93. Defendant denies the allegations in Paragraph 93 of the Complaint and specifically denies that Plaintiff or the subclass she seeks to represent have been damaged in any way by Defendant's conduct or are in any way entitled to relief from Defendant.

94. Defendant denies the allegations in Paragraph 94 of the Complaint and specifically denies that Plaintiff or the subclass she seeks to represent have been damaged in any way by Defendant's conduct or are in any way entitled to relief from Defendant.

95. Defendant denies the allegations in Paragraph 95 of the Complaint and specifically denies that Plaintiff or the subclass she seeks to represent have been damaged in any way by Defendant's conduct or are in any way entitled to relief from Defendant. Defendant further answers that the Court dismissed Plaintiff's requests for injunctive relief and, therefore, Plaintiff and the class she seeks to represent are not entitled to injunctive relief.

96. Defendant admits that Plaintiff seeks preliminary and permanent injunctive relief for herself and the subclass she seeks to represent. Defendant denies that Plaintiff has stated a claim, that she or the class of individuals she seeks to represent are entitled to any relief from Defendant, and that this action may properly be maintained as a class action. Defendant further answers that the Court dismissed Plaintiff's requests for injunctive relief and, therefore, Plaintiff and the class she seeks to represent are not entitled to injunctive relief. All allegations in Paragraph 96 not expressly admitted are denied.

97. Defendant admits that Plaintiff requests an order from this Court for injunctive relief. Defendant denies that Plaintiff has stated a claim, that she or the class of individuals she seeks to represent are entitled to any relief from Defendant, and that this action may properly be maintained as a class action. Defendant further answers that the Court dismissed Plaintiff's

requests for injunctive relief and, therefore, Plaintiff and the class she seeks to represent are not entitled to injunctive relief.  All allegations in Paragraph 97 not expressly admitted are denied.

98. Defendant denies the allegations in Paragraph 98.

## Count II

**Violations of New York General Business Law § 350**
**(On Behalf of Plaintiff and the New York Subclass)**

99. Defendant realleges and incorporates by references its responses to the allegations set forth in each of the preceding paragraphs of this Complaint.

100. Defendant admits the allegations in Paragraph 100 of the Complaint.

101. Defendant denies the allegations in Paragraph 101 of the Complaint.

102. Defendant denies the allegations in Paragraph 102 of the Complaint.

103. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 103.

104. Defendant denies the allegations in Paragraph 104 of the Complaint.

105. Defendant denies the allegations in Paragraph 105 of the Complaint and specifically denies that Plaintiff or the subclass she seeks to represent have been damaged in any way by Defendant's conduct or are in any way entitled to relief from Defendant.

106. Defendant denies the allegations in Paragraph 106 of the Complaint and specifically denies that Plaintiff or the subclass she seeks to represent have been damaged in any way by Defendant's conduct or are in any way entitled to relief from Defendant.

107. Defendant denies the allegations in Paragraph 107 of the Complaint and specifically denies that Plaintiff or the subclass she seeks to represent have been damaged in any way by Defendant's conduct or are in any way entitled to relief from Defendant.  Defendant further

answers that the Court dismissed Plaintiff's requests for injunctive relief and, therefore, Plaintiff and the class she seeks to represent are not entitled to injunctive relief.

108. Defendant admits that Plaintiff seeks preliminary and permanent injunctive relief for herself and the subclass she seeks to represent. Defendant denies that Plaintiff has stated a claim, that she or the class of individuals she seeks to represent are entitled to any relief from Defendant, and that this action may properly be maintained as a class action. Defendant further answers that the Court dismissed Plaintiff's requests for injunctive relief and, therefore, Plaintiff and the class she seeks to represent are not entitled to injunctive relief. All allegations in Paragraph 108 not expressly admitted are denied.

109. Defendant admits that Plaintiff requests an order from this Court for injunctive relief. Defendant denies that Plaintiff has stated a claim, that she or the class of individuals she seeks to represent are entitled to any relief from Defendant, and that this action may properly be maintained as a class action. Defendant further answers that the Court dismissed Plaintiff's requests for injunctive relief and, therefore, Plaintiff and the class she seeks to represent are not entitled to injunctive relief. All allegations in Paragraph 109 not expressly admitted are denied.

110. Defendant denies the allegations in Paragraph 110 of the Complaint.

## Count III

**Deceptive Acts or Practices in Violation of State Consumer Protection Statutes**
**(On Behalf of Plaintiff and the Multistate Subclass)**

111. Defendant realleges and incorporates by references its responses to the allegations set forth in each of the preceding paragraphs of this Complaint.

112. Defendant denies the allegations in Paragraph 112 of the Complaint.

113. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 113. Specifically, Defendant lacks knowledge and information as to precisely which statutes Plaintiff is referring in Paragraph 113.

114. Defendant denies the allegations in Paragraph 114 of the Complaint.

115. Defendant denies the allegations in Paragraph 115 of the Complaint.

116. Defendant denies the allegations in Paragraph 116 of the Complaint.

117. Defendant lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 117.

118. Defendant denies the allegations in Paragraph 118 of the Complaint.

119. Defendant denies the allegations in Paragraph 119 of the Complaint.

120. Defendant denies the allegations in Paragraph 120 of the Complaint and specifically denies that Plaintiff or the subclass she seeks to represent have been damaged in any way by Defendant's conduct or are in any way entitled to relief from Defendant.

121. Defendant denies the allegations in Paragraph 121 of the Complaint and specifically denies that Plaintiff or the subclass she seeks to represent have been damaged in any way by Defendant's conduct or are in any way entitled to relief from Defendant. Defendant further answers that the Court dismissed Plaintiff's requests for injunctive relief and, therefore, Plaintiff and the class she seeks to represent are not entitled to injunctive relief.

## Count IV

**Breach of Express Warranty**
**(On Behalf of Plaintiff and the Class)**

122. Defendant realleges and incorporates by references its responses to the allegations set forth in each of the preceding paragraphs of this Complaint.

123. Defendant denies the allegations in Paragraph 123 of the Complaint.

124. Defendant denies the allegations in Paragraph 124 of the Complaint.

125. Defendant denies the allegations in Paragraph 125 of the Complaint.

126. Defendant denies the allegations in Paragraph 126 of the Complaint.

127. Defendant denies the allegations in Paragraph 127 of the Complaint.

128. Defendant denies the allegations in Paragraph 128 of the Complaint and specifically denies that Plaintiff or the class she seeks to represent have been damaged in any way by Defendant's conduct or are in any way entitled to relief from Defendant.

129. Defendant denies the allegations in Paragraph 129 of the Complaint and specifically denies that Plaintiff or the class she seeks to represent have been damaged in any way by Defendant's conduct or are in any way entitled to relief from Defendant.

### Count V

### Unjust Enrichment
### (In the Alternative, On Behalf of Plaintiff and the Class)

130. Defendant realleges and incorporates by references its responses to the allegations set forth in each of the preceding paragraphs of this Complaint.

131. The Court dismissed this Count and, therefore, no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 131 of the Complaint.

132. The Court dismissed this Count and, therefore, no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 132 of the Complaint.

133. The Court dismissed this Count and, therefore, no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 133 of the

Complaint and specifically denies that Plaintiff or the subclass she seeks to represent have been damaged in any way by Defendant's conduct or are in any way entitled to relief from Defendant.

## PRAYER FOR RELIEF

Defendant admits that Plaintiff seeks judgment against Defendant and requests the relief stated in subparagraphs a. through j. Defendant denies that Plaintiff has stated a claim or that Plaintiff or the class/subclass she seeks to represent is otherwise entitled to any relief from Defendant. Defendant demands a trial by jury. All allegations not expressly admitted herein are denied.

## AFFIRMATIVE DEFENSES

### GENERAL DENIAL

All allegations contained in Plaintiff's Complaint not expressly or specifically admitted herein are denied.

### ADDITIONAL AFFIRMATIVE DEFENSES

By stating the additional affirmative defenses below, Defendant does not concede Plaintiff has stated a claim nor that Defendant bears the burden of proof on any such defenses or claims.

1. Plaintiff's claims are barred in whole or in part because Plaintiff and some or all of the group she seeks to represent lack standing to bring the claims asserted in Plaintiff's Complaint.

2. Plaintiff's claims are preempted in whole or in part by federal law.

3. Plaintiff's claims are barred in whole or in part because Plaintiff's Complaint fails to state a claim upon which relief can be granted.

4. Plaintiff's claims are barred in whole or in part because Plaintiff cannot bring this action under the respective states' consumer protection statutes.

5. Plaintiff's claims are barred in whole or in part because Plaintiff and some or all of the group she seeks to represent lack standing to seek injunctive relief.

6. Plaintiff has failed to allege, and cannot prove, that any member of the group she seeks to represent relied on any alleged misrepresentation made by Defendant.

7. Plaintiff's claims are time-barred to the extent the alleged conduct took place outside of the applicable statutes of limitations and/or repose.

8. Plaintiff's claims are barred in whole or in part by the doctrine of laches, waiver, and/or other equitable doctrines.

9. Plaintiff's claims are barred in whole or in part by estoppel, the doctrine of estopped, or equitable estoppel.

10. Plaintiff's claims are barred because Plaintiff and the group she seeks to represent have suffered no ascertainable loss.

11. Plaintiff's Complaint fails to allege facts or a cause of action sufficient to support a claim for costs or attorneys' fees, any award of pre-judgment and post-judgment interest, or any award of damages or trebling damages.

12. The damages and penalties available under the statutory provisions identified in Counts I–III violate the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution and comparable provisions of respective state constitutions.

13. Some or all of the forms of relief sought by Plaintiff are not available under the causes of action she alleges.

14. Plaintiff's Complaint should be dismissed based on a misjoinder of parties and/or claims.

15. The conduct about which Plaintiff complains was attributable to the superseding actions of a third-party.

WHEREFORE, Defendant prays for judgment in its favor and against Plaintiff as follows:

(a) That Plaintiff's Complaint be dismissed in its entirety with prejudice;

(b) That Plaintiff take nothing by way of Plaintiff's Complaint;

(c) The Defendant recover its costs, disbursements, and attorneys' fees in this action; and

(d) For such other and further relief as the Court deems just and proper.

Dated: May 30, 2022

Respectfully submitted,

HUSCH BLACKWELL LLP

/s/ *Michael Klebanov*
Michael Klebanov, IL Bar No. 6317636
1801 Pennsylvania Avenue, NW, Suite 1000
Washington, DC 20006-3606
202-378-2363 Telephone
202-378-2319 Facsimile
michael.klebanov@huschblackwell.com

Michael D. Hayes, IL Bar No. 6187607
120 S. Riverside Plaza, Suite 2200
Chicago, IL 60606
312-655-1500 Telephone
312-655-1501 Facsimile
michael.hayes@huschblackwell.com

***Attorneys for Defendant ALDI Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of May, 2022, I caused the foregoing to be filed electronically with the Clerk of Court and to be served via the Court's Electronic Filing System upon all counsel of record.

*/s/ Michael Klebanov*
